

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00158-CV

**IN RE BEXAR APPRAISAL DISTRICT,** Relator

Original Proceeding[1]

PER CURIAM

Sitting:        Luz Elena Chapa, Justice
                Irene Rios, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: September 25, 2024

PETITION FOR WRIT OF MANDAMUS DENIED

On March 6, 2024, relator, the Bexar Appraisal District (the "District"), filed a petition for writ of mandamus, asserting the trial court abused its discretion when it granted pleas to the jurisdiction and dismissed the District's counterclaims in the lawsuits filed by property owners appealing property valuation decisions. After considering the petition, the record, the response filed by real parties in interest, and relator's reply, this court concludes relator is not entitled to the relief sought.

### BACKGROUND

Real parties in interest, TMP Stone Oak Project, LLC and TMP Rim Project, LLC (collectively, "TMP"), own the properties at issue in the underlying lawsuits. In 2022, the District

---

[1] This proceeding arises out of Cause Nos. 2022-CI-14131 & 2022-CI-14159, pending in the 407th Judicial District Court, Bexar County, Texas, the Honorable Nicole Garza presiding.

set the ad valorem tax value for the properties. TMP filed administrative challenges of these valuations on two grounds: (1) that the District's appraisals exceeded the properties' fairmarket value, and (2) that the District's appraised value was not equal and uniform with the appraised value of similar properties. TMP's challenges were considered at a hearing before the Appraisal Review Board ("ARB") on July 5, 2022. On July 11, 2022, the ARB issued an order lowering the appraised value on both properties.

On August 29, 2022, TMP timely appealed the ARB's administrative decisions to the district court pursuant to Chapter 42 of the Texas Tax Code. The District did not appeal the ARB's decisions, but on June 20, 2023, the District filed counterclaims asserting the market value or appraised value of the properties was greater than that determined by the ARB in 2022. On September 21, 2023, TMP filed amended pleas to the jurisdiction asserting the District failed to satisfy statutory conditions precedent when it filed its counterclaims. On February 8, 2024, the trial court granted TMP's pleas to the jurisdiction and dismissed the District's counterclaims. The District filed this mandamus, challenging the trial court's February 8, 2024 orders dismissing the District's counterclaims.

**ANALYSIS**

TMP argues that mandamus relief should be denied because the grant or denial of a plea to the jurisdiction is redressable by ordinary appeal. We agree. *See In re Occidental W. Tex. Overthrust, Inc.*, 626 S.W.3d 395, 399 (Tex. App.—El Paso 2021, orig. proceeding) ("Absent an extraordinary situation, mandamus will not issue to correct a trial court's denial of a plea to the jurisdiction, as an appeal will generally be an adequate remedy.").

The District presents two arguments for finding that an extraordinary situation requiring mandamus relief exists.

First, the District asserts mandamus relief is appropriate when a trial court interferes with the legislatively mandated function of a state agency. The District claims the trial court's orders—dismissing the District's counterclaims that sought an increased valuation of the properties at issue—"directly interfere with and prevent the District from performing its legislatively[]mandated duties regarding property valuation in Bexar County" by preventing the District from pursuing an increased valuation of the properties at issue.

Second, the District asserts that mandamus relief is appropriate because, if the trials proceed without the District's counterclaims, the District loses an important substantive and procedural right—to bring a compulsory counterclaim on market value—and thus is prevented from presenting evidence of market value derived from recent sales of the subject properties to challenge TMP's property valuation evidence.

We find neither argument persuasive because TMP's appeal of the ARB's decisions initiated new trials in the district court to determine the proper valuation of the properties at issue, in which the District may present arguments and evidence for an increase in the valuation of the properties.

"If a taxpayer is dissatisfied with the board's determination, then the taxpayer may seek judicial review." *Tex. Disposal Sys. Landfill, Inc. v. Travis Cent. Appraisal Dist. by & through Crigler*, No. 22-0620, 2024 WL 3076317, at *2 (Tex. June 21, 2024). "An appeal of an ARB determination to the district court is a trial de novo." *Willacy Cnty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 50 (Tex. 2018). "A trial de novo is '[a] new trial on the entire case—that is, on both questions of fact and issues of law—conducted as if there had been no trial in the first instance.'" *Id*. (quoting BLACK'S LAW DICTIONARY (10th ed. 2014)). "The duty of the trial court is to 'fix the appraised value of property in accordance with the requirements of law[.]'" *Cherokee Water Co. v. Gregg Cnty. Appraisal Dist.*, 801 S.W.2d 872, 877 (Tex. 1990)

(quoting TEX. TAX CODE ANN. § 42.24). "Once in court, the parties start from scratch, without any deference to the board's decision." *Tex. Disposal*, 2024 WL 3076317, at *2. "The trial court conducts a trial de novo of the protest, setting an appraised value for the subject property based on the evidence it hears." *Id*. The trial court is "empowered to **grant relief in favor of either side** by either increasing or decreasing the property values at issue." *Harris Cnty. Appraisal Dist. v. Houston 8th Wonder Prop., L.P.*, 395 S.W.3d 245, 252–53 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (emphasis added).

TMP's appeals of the ARB's administrative decisions result in de novo trials before the trial court. The District may present arguments and evidence for an increase in the valuation of the properties at the de novo trial.[2] In a case directly on point, the First Court of Appeals in Houston concluded the dismissal of a taxing agency's appeal is of no effect if the taxpayer has appealed the same ARB decision.

> In the circumstances of this case, a de novo bench trial mooted the effect of granting the property owner's jurisdictional plea. Both parties had attempted to appeal from the ruling of the ARB—the appraisal district wanted to increase the ARB's appraised value of the property, while the property owner wanted to further decrease that value . . . .
>
> If the court had not dismissed the appraisal district's appeal, the resulting proceeding still would have concerned the appraised value of the same property. The appraisal district was not required to perfect its own appeal for the trial court to have the ability to increase the property value in its de novo determination of "the appraised value of property in accordance with the requirements of law." TEX. TAX CODE ANN. § 42.24(1); *see Cherokee Water*, 801 S.W.2d at 877. The appraisal

---

[2] TMP incorrectly asserts that the scope of the "appeal" is limited by its decision to only challenge the ARB's ruling on TMP's equal-and-uniform-claim. The scope of the de novo trial is shaped by the taxpayer's protest filed under Chapter 41 of the Texas Tax Code, i.e., the challenge of valuation presented to the ARB. *See* TEX. TAX. CODE ANN. § 42.01(a)(1)(A) (providing a property owner is entitled to appeal an order of the appraisal review board determining a protest by the property owner as provided by Subchapter C of Chapter 41); *Tex. Disposal*, 2024 WL 3076317, at *4 ("[T]he statutory language limiting an appeal to 'an order of the appraisal review board determining . . . a taxpayer protest' narrows the trial court's de novo trial to the protest the appraisal review board heard.") (quoting TEX. TAX CODE ANN. § 42.02(a)(1)). TMP admits, and the mandamus record demonstrates, that TMP filed administrative challenges of the property valuations on two grounds: (1) that the District's appraisals exceeded the properties' fair-market value, and (2) that the District's appraised value was not equal and uniform with the appraised value of similar properties. Accordingly, both of these issues are before the trial court in this de novo proceeding.

district remained free to present its evidence and arguments in favor of a higher value . . . .

*Houston 8th Wonder Prop.*, 395 S.W.3d at 252-53.

Similarly, the Texas Supreme Court has held an appraisal district does not have to perfect an appeal for the trial court to increase the property valuation in a de novo proceeding. *Cherokee Water*, 801 S.W.2d at 877. In *Cherokee Water*, the property owner asserted the district court had no authority to raise the property's fair market value, and if it did have the authority, it could do so only if the appraisal district appeals. *Id*. at 877. Rejecting this assertion, the supreme court reasoned:

> [T]he appeal to the trial court is a trial de novo, and the trial court shall try all issues of fact and law raised by the pleadings in the manner applicable to civil suits generally. The court is not to admit in evidence the fact of a prior action by the appraisal review board except as necessary to the extent necessary to establish its jurisdiction. The duty of the trial court is to fix the appraised value of property in accordance with the requirements of law. Appraised value according to law is fair market value. Given the appeal of the district's appraisal is by trial de novo, the trial court clearly has power to determine market value whether it be higher or lower than the value determined by the appraisal district.

*Id*. (internal quotation marks, alterations, and citations omitted).

Accordingly, the trial court's dismissal of the District's counterclaims does not prevent the District from arguing for an increased valuation of the properties or presenting property valuation evidence in the de novo appeal to the district court.

## CONCLUSION

The trial court's decision to grant TMP's pleas to the jurisdiction does not create an extraordinary situation requiring mandamus relief. Accordingly, we conclude the District has an adequate appellate remedy and is not entitled to the relief sought.

PER CURIAM